ORIGINAL

FILED
JUL 31 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**METAL INDUSTRIES, INC.**
**Plaintiff**

**v.** **NO.** 06-549 T

**THE UNITED STATES,**
**Defendant**

# COMPLAINT

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF FEDERAL CLAIMS:

COMES NOW, Metal Industries, Inc., the Plaintiff herein, by its attorney, Anthony C. Gulotta of the Law Firm of Anderson & Gulotta, P.C., to file the within Complaint based on the following:

1. This Court has jurisdiction over this matter by reason of 28 U.S.C. §1491, which provides for review by this Court of any claim against the United States founded on an Act of Congress or any regulation of an executive department.

2. This Court has jurisdiction over this matter by reason of 26 U.S.C. §6532, which provides that an action may be commenced against the United States after a six (6) month period expires following a claim for a refund made to the Internal Revenue Service.

3. The Plaintiff is a corporation incorporated in the state of Florida with a primary place of business at 861 North Hercules Avenue, Clearwater, Florida 33765.

4. The Defendant is the United States of America, with the Internal Revenue Service as the Agency with interest.

5. Plaintiff is engaged in the business of providing transportation services to businesses located throughout the United States

6. Plaintiff's claim is a claim for refund of Federal Communication Excise Tax (Internal Revenue Code Section 4251). The Plaintiff is entitled to a refund of the Federal Communication Excise Tax enforced upon toll telephone service, since Plaintiff's purchased telephone service does not fit within the definition of toll telephone service. Toll telephone service is one of three types of communication services that are taxed.

7. 26 U.S.C. §4251 imposes a tax "on amounts paid for communications services." Section 4251(b) defines communications services as including "local telephone service", "toll telephone service", and "teletypewriter exchange service".

8. The IRC describes toll telephone service as a "telephonic quality communication for which there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and the charge is paid within the

United States, and a service which entitles the subscriber, upon payment of a periodic charge. . ." §4252(b).

9. Plaintiff has erroneously paid a 3% Federal Communication Excise Tax for purchases of telephone service. Such payments of Federal Communication Excise Tax are erroneous because the Plaintiff's purchased telephone service does not fit within the definition of toll telephone service.

10. On May 25, 2006, the United States Treasury announced that it is conceding the legal dispute over the federal excise tax on long-distance telephone service. Specifically, the Department announced that it will issue refunds of tax on long-distance service for the past three years. A copy of the press release of the Treasury's announcement is attached hereto as Exhibit "A" and made a part hereof.

11. The Plaintiff filed a request for refund (IRS Form 8849, supporting schedules, quarterly tax breakouts and "non-consent statements") on September 23, 2005 in the amount of $3,326.32. A copy of the refund claim is attached hereto as Exhibit "B" and made a part hereof.

12. The Plaintiff received no further correspondence from the IRS regarding the above-captioned case.

Claim for Refund of Section 4251 Communication Excise Tax

13. The averments set forth in Paragraphs 1 through 12 of this Complaint are incorporated by reference herein as though the same were fully set forth herein.

14. The Plaintiff's purchases were outside the scope of the Section 4251 Federal Communication Excise Tax in that the purchases, as fully set forth in the claims attached hereto, fall outside the definition of toll telephone service.

15. The Plaintiff submitted Forms 8849 with supporting documentation in accordance with the procedures set forth by the Internal Revenue Service for the refund of the $3,326.32 of erroneously paid Section 4251 Communication Excise Tax.

16. The Internal Revenue Service has a duty to process refund claims for Section 4251 Communication Excise Tax under 26 U.S.C. §6415.

17. The Plaintiff has waited more than six months since the filing of their refund requests (Forms 8849), as prescribed by 26 U.S.C. 6532, for the Internal Revenue Service to process their claims for refund before bringing this action.

18. IRS Notice 2006-50 discusses the Treasury's announcement as discussed in Paragraph 10 above. This notice provides that, "taxpayers may request a credit or refund of tax on nontaxable service that was billed after February 28, 2003... only on their 2006

Federal income tax returns." Such notice is attached hereto as Exhibit "C" and made a part hereof.

19. As there is no procedure set forth for taxpayer's to request a refund for taxes paid prior to February 28, 2003, Plaintiff requests a refund of the taxes paid prior to February 28, 2003, which total $1,635.18. The Plaintiff intends to file for a refund of the remaining $1,691.14 at issue in this claim on their 2006 income tax return.

20. The Plaintiff is entitled to a refund of the amount requested - $1,635.18

WHEREFORE, Petitioner respectfully requests that the Honorable Court review the Plaintiff's requests for refunds of Section 4251 Communication Excise Tax, and after hearing, (1) enter judgment in favor of the Plaintiff and against the United States in the amount of $1,635.18, with statutory interest and (2) grant such legal and equitable relief to which the Plaintiff may be entitled.

A hearing is requested.

Respectfully submitted,

Date: 7/25/06

Anthony C. Gulotta, Esq.
PA Attorney I.D. #82081
Anderson & Gulotta, P.C.
Attorney for Plaintiff
1110 North Mountain Road
Harrisburg, PA 17112
(717) 635-7145
(717) 541-5434 (FAX)

PRESS ROOM

May 25, 2006
js-4287

**Treasury Announces End to Long-Distance Telephone Excise Tax**

WASHINGTON, DC – The U.S. Treasury Department today announced it is conceding the legal dispute over the federal excise tax on long-distance telephone service. The Department of Justice will no longer pursue litigation and the Internal Revenue Service (IRS) will issue refunds of tax on long-distance service for the past three years. Taxpayers will be able to apply for refunds on their 2006 tax forms, to be filed in 2007.

Treasury Secretary John Snow states, "Today is a good day for American taxpayers; it marks the beginning of the end of an outdated, antiquated tax that has survived a century beyond its original purpose, and by now should have been ancient history.

"The Federal Appeals courts have spoken across the board. It's time to `disconnect' this tax and put it on the permanent `do not call' list.

"In addition to ending the litigation, I would like to call on Congress to terminate the remainder of this antique tax by repealing the excise tax on local service as well."

Key Facts Regarding Tax Refunds:

- No immediate action is required by taxpayers.
- Refunds will be a part of 2006 tax returns filed in 2007.
- Refund claims will cover all excise tax paid on long-distance service over the last three years (time allowed given statute of limitations). Interest will be paid on refunds.
- The IRS is working on a simplified method for individuals to use to claim a refund on their 2006 tax returns.
- Refunds will not include tax paid on local telephone service, which was not involved in the litigation.
- Originally established in 1898 as a "luxury" tax on wealthy Americans who owned telephones, the federal excise tax on telephone calls is not compatible with today's modern information-age society.

- 30 -

EXHIBIT

September 23, 2005

Internal Revenue Service
Cincinnati, OH 45999-0002

**Re: Claim for Refund of Excise Tax**
**Metal Industries, Inc.**
**EIN: 59-0595850**

To Whom It May Concern:

Enclosed for filing please find a form 8849, Claim for Refund of Excise Taxes, and appropriate attachments. Please date and return the designated copy in the enclosed self addressed stamped envelope. Should you have any questions, please feel free to contact me at the above number.

Sincerely,

Anthony C. Gulotta
Focused Business Solutions, LLC

EXHIBIT
"B"

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: Metal Industries, Inc.

Employer identification number (EIN): 590595850

Address (number, street, room or suite no.): 861 North Hercules Avenue

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: Clearwater, Florida

ZIP code: 33765

Month claimant's income tax year ends:

Foreign country, if applicable. Do not abbreviate.:

Daytime telephone number (optional): 7274610501

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

J. L. Fasenmyer VP Finance — 9/15/05

Signature and title (if applicable) — Date

J.L. Fasenmyer

Type or print your name below signature.

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.** Cat. No. 20027J Form **8849** (Rev. 1-2003)

**Schedule 6 (Form 8849)**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

► Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| Metal Industries, Inc. | 59-0595850 | $ 3,326.32 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ► 7/25/2002 Latest date ► 03/25/2005

**Claimant's registration number** for Section 4091(d) claims. ► ______

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | Communications Excise Tax, §4251 | $ 3,326 | 32 | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

**See attached discussion.**

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use **Form 720X,** Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

INTRODUCTION

Petitioner, Metal Industries, Inc., is located at 861 North Hercules Avenue in Clearwater, Florida. The present refund claim concerns erroneously paid federal excise tax on purchases of telephone service from AT&T. The Petitioner respectfully requests that the Internal Revenue Service consider the following issue.

ISSUE

Whether Metal Industries, Inc. is entitled to a refund of the Federal Communication Excise Tax enforced upon toll telephone service since their purchased service does not fit within that definition?

DISCUSSION

I. The Petitioner is entitled to a refund of $3,326.32, attributable to Federal Communication Excise Tax paid on purchase of telephone service.

Metal Industries, Inc. is entitled to a refund of the Federal Communications Excise Tax paid on invoices included in this petition because their purchased telephone service falls outside the definition of toll telephone service. The IRC describes toll telephone service as a "telephonic quality communication for which there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and the charge is paid within the United States, and a service which entitles the subscriber, upon payment of a periodic charge. . ." §4252(b). A toll telephone service, along with two other types of communication services, has a 3% Federal Communication Excise Tax imposed upon it. Metal Industries, Inc. should not have to pay the tax because their phone service does not vary with distance and time. On the AT&T invoices the service is broken down into minutes or into internet usage, charging Metal Industries, Inc. based on time alone. Metal Industries, Inc. is not charged an amount that varies based on distance. They are charged the same rate if they place a call to California or to New York.

There is a great amount of litigation in this area of tax law. Revenue Ruling 79-404 and the court for the Southern District of Florida in *American Bankers Ins. Group v. United States*[1] ruled that the definition for toll service includes all long distance service because of the previous definition of toll telephone. Another argument from this viewpoint is that the word "and" in the definition is ambiguous and does not need to include both distance and time. A majority of courts seem to disagree with these opinions.[2] Their rulings lean towards looking at the plain language of the statute and finding that there are long distant services that fall outside of the toll telephone service definition. Metal Industries service

[1] 308 F.Supp.2d 1360 (S.D.Fla.2004).

[2] See generally, *Nat'l R.R. Passenger Corp. v. United States*, No. CIV.A. 03-431 (D.D.C. Sept. 20, 2004), *Fortis, Inc. v. United States*, No. 03 Civ. 5137 (S.D.N.Y. Sept. 16, 2004), *Office Max, Inc. v. United States*, 309 F.Supp.2d 984 (N.D.Ohio 2004).

would be an example of a long distance service that is outside the definition of toll telephone service.

Metal Industries service also does not meet the requirements of the other two telephone services charged the Federal Communication Excise Tax. The service is not local because calls are made from state to state and not within the same calling area. The service is also not a teletypewriter service because it is voice quality. Teletypewriter is more similar to a telegraph service, which does not have voice quality lines.

CONCLUSION

For all the previously mentioned reasons, Metal Industries, Inc. respectfully requests a refund of $3,326.32, which represents the Federal Communication Excise Tax erroneously paid since their telephone service does not meet the definition requirements in §4252(b) of the IRC.

Form **2848** (Rev. March 2004) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ Type or print. ▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name
Telephone
Function
Date / /

**Part I** **Power of Attorney**

**Caution:** *Form 2848 will not be honored for any purpose other than representation before the IRS.*

1 **Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| **Metal Industries, Inc.**<br>**861 North Hercules Avenue**<br>**Clearwater, FL 33765** | | 59 : 0595850 |
| | Daytime telephone number ( 727 ) 461-0501 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

2 **Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| **David C. Anderson, Focused Business Solutions**<br>**1110 North Mountain Road**<br>**Harrisburg, PA 17112** | CAF No.<br>Telephone No. 717-541-1280<br>Fax No. 717-541-5434<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| Name and address | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| Name and address | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

3 **Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (see the instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) (see the instructions for line 3) |
|---|---|---|
| Excise, §4251 (Communications) | Form 8849 (Refund Request) | 7/25/2002 - 3/25/2005 |
| | | |
| | | |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . ▶ ☐

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ..............................

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here ____________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2.

a If you also want the second representative listed to receive a copy of notices and communications, check this box . . ▶ ☐

b If you do not want any notices or communications sent to your representative(s), check this box . . . . . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here. . . . . . . . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

| Signature | Date | Title (if applicable) |
|---|---|---|
| J. L. Fasenmyer | 9/15/05 | VP Finance |

| Print Name | PIN Number | Print name of taxpayer from line 1 if other than individual |
|---|---|---|
| J.L. Fasenmyer | ☐☐☐☐☐ | |

| Signature | Date | Title (if applicable) |
|---|---|---|
| | | |

| Print Name | PIN Number |
|---|---|
| | ☐☐☐☐☐ |

**Part II Declaration of Representative**

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

**a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
**b** Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
**c** Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
**d** Officer—a bona fide officer of the taxpayer's organization.
**e** Full-Time Employee—a full-time employee of the taxpayer.
**f** Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
**g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).
**h** Unenrolled Return Preparer—the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See **Unenrolled Return Preparer** on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation—Insert above letter (a–h) | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| a | PA | [signature] | 9/23/05 |
| | | | |
| | | | |

Metal Industries

| Ref # | Vendor | Invoice Date | Account # | Invoice # | Description | Total Current Charges | FET |
|---|---|---|---|---|---|---|---|
| 113 | Worldcom | 7/25/2002 | 91207494 | 64195189 | Telephone Charges | $20,238.48 | $556.56 |
| 114 | Worldcom | 9/25/2002 | 91207494 | 64277577 | Telephone Charges | $19,546.23 | $537.52 |
| 115 | Worldcom | 8/25/2002 | 91207494 | 64236799 | Telephone Charges | $19,676.21 | $541.10 |
| 123 | MCI, Inc. | 10/25/2004 | 91207494 | 9557035 | Telephone Charges | $14,039.43 | $386.08 |
| 124 | MCI, Inc. | 11/25/2004 | 91207494 | 9797512 | Telephone Charges | $14,115.10 | $157.31 |
| 125 | MCI, Inc. | 7/25/2004 | 91207494 | 6059094 | Telephone Charges | $14,178.45 | $165.32 |
| 126 | MCI, Inc. | 9/25/2004 | 91207494 | 9313809 | Telephone Charges | $14,132.54 | $161.61 |
| 127 | MCI, Inc. | 6/25/2004 | 91207494 | 5786738 | Telephone Charges | $14,070.72 | $167.26 |
| 128 | MCI, Inc. | 12/25/2004 | 91207494 | 63028328 | Telephone Charges | $14,168.75 | $157.18 |
| 129 | MCI, Inc. | 2/25/2005 | 91207494 | 63482570 | Telephone Charges | $14,728.58 | $171.83 |
| 130 | MCI, Inc. | 1/25/2005 | 91207494 | 32156849 | Telephone Charges | $14,038.28 | $154.17 |
| 131 | MCI, Inc. | 3/25/2005 | 91207494 | 63701896 | Telephone Charges | $14,674.31 | $170.38 |
| | | | | | | | **$3,326.32** |

Metal Industries
Quarterly Tax Breakout

| Ref # | Vendor | Invoice Date | Account # | Invoice # | Description | Total Current Charges | FET |
|---|---|---|---|---|---|---|---|
| **Q3 2002** | | | | | | | |
| 113 | Worldcom | 7/25/2002 | 91207494 | 64195189 | Telephone Charges | $20,238.48 | $556.56 |
| 115 | Worldcom | 8/25/2002 | 91207494 | 64236799 | Telephone Charges | $19,676.21 | $541.10 |
| 114 | Worldcom | 9/25/2002 | 91207494 | 64277577 | Telephone Charges | $19,546.23 | $537.52 |
| | | | | | | | **$1,635.18** |
| **Q2 2004** | | | | | | | |
| 127 | MCI, Inc. | 6/25/2004 | 91207494 | 5786738 | Telephone Charges | $14,070.72 | $167.26 |
| | | | | | | | **$167.26** |
| **Q3 2004** | | | | | | | |
| 125 | MCI, Inc. | 7/25/2004 | 91207494 | 6059094 | Telephone Charges | $14,178.45 | $165.32 |
| 126 | MCI, Inc. | 9/25/2004 | 91207494 | 9313809 | Telephone Charges | $14,132.54 | $161.61 |
| | | | | | | | **$326.93** |

Metal Industries
Quarterly Tax Breakout

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Q4 2004** | | | | | | | |
| 123 | MCI, Inc. | 10/25/2004 | 91207494 | 9557035 | Telephone Charges | $14,039.43 | $386.08 |
| 124 | MCI, Inc. | 11/25/2004 | 91207494 | 9797512 | Telephone Charges | $14,115.10 | $157.31 |
| 128 | MCI, Inc. | 12/25/2004 | 91207494 | 63028328 | Telephone Charges | $14,168.75 | $157.18 |
| | | | | | | | **$700.57** |
| **Q1 2005** | | | | | | | |
| 130 | MCI, Inc. | 1/25/2005 | 91207494 | 32156849 | Telephone Charges | $14,038.28 | $154.17 |
| 129 | MCI, Inc. | 2/25/2005 | 91207494 | 63482570 | Telephone Charges | $14,728.58 | $171.83 |
| 131 | MCI, Inc. | 3/25/2005 | 91207494 | 63701896 | Telephone Charges | $14,674.31 | $170.38 |
| | | | | | | | **$496.38** |
| | **GRAND TOTAL** | | | | | | **$3,326.32** |

AUTHORIZATION

METAL INDUSTRIES, INC. and its subsidiaries HEREBY AUTHORIZE and direct any government, corporation, institution or organization to furnish FOCUSED BUSINESS SOLUTIONS, LLC, copies of any and all information, records, correspondence, transcripts, tax records or other documents of any kind with respect to any tax transaction or any other information specifically requested by FOCUSED BUSINESS SOLUTIONS, LLC. METAL INDUSTRIES,. and its subsidiaries, furthermore authorizes FOCUSED BUSINESS SOLUTIONS, LLC to coordinate the processing of Sales and Use Tax refunds and credits for any such government, corporation, institution, or organization.

A reproduced copy of this authorization shall be as valid as the original.

This shall be a continuing authorization for the release of information unless revoked in writing by the undersigned.

Dated: 9/15/05

METAL INDUSTRIES, INC.
861 North Hercules Avenue
Clearwater, FL 33765

**STATEMENT OF NON-ALLOWANCE OF CREDIT FOR COMMUNICATIONS EXCISE TAX REFUND**

TO: Internal Revenue Service

RE: Metal Industries, Inc.; EIN 59-0595850

I, VP Finance, of JT Walker Industries, Inc., owner of Metal Industries, Inc. ("Taxpayer") hereby state that the Taxpayer has not consented and shall not consent to the allowance of a credit or refund to the telephone companies that collected the excise tax at issue in the present refund claim. I make this statement under the penalty of perjury.

9/15/05
Date

J. L. [signature]
Metal Industries, Inc.

Part III - Administrative, Procedural, and Miscellaneous

Communications Excise Tax; Toll Telephone Service

Notice 2006-50

SECTION 1. PURPOSE

(a) In general. As further described in this notice, the Internal Revenue Service will follow the holdings of Am. Bankers Ins. Group v. United States, 408 F.3d 1328 (11th Cir. 2005) (ABIG); OfficeMax, Inc. v. United States, 428 F.3d 583 (6th Cir. 2005); Nat'l R.R. Passenger Corp. v. United States, 431 F.3d 374 (D.C. Cir. 2005) (Amtrak); Fortis v. United States, 2006 U.S. App. LEXIS 10749 (2d Cir. Apr. 27, 2006); and Reese Bros. v. United States, 2006 U.S. App. LEXIS 11468 (3d Cir. May 9, 2006). These cases hold that a telephonic communication for which there is a toll charge that varies with elapsed transmission time and not distance (time-only service) is not taxable toll telephone service as defined in § 4252(b)(1) of the Internal Revenue Code. As a result, amounts paid for time-only service are not subject to the tax imposed by § 4251. Accordingly, the government will no longer litigate this issue and Notice 2005-79, 2005-46 I.R.B. 952, which states otherwise, is revoked.

(b) Credits and refunds. Taxpayers may be entitled to request credit or refund of the excise taxes paid for the services covered by this notice. This notice provides guidance regarding these requests. In addition, the Commissioner will authorize the scheduling of an overassessment under § 6407

EXHIBIT
"C"

to keep the period of limitations open for these requests. This overassessment will apply to all taxpayers and to all taxes paid for the services covered by this notice beginning with the tax paid on services that were billed to customers after February 28, 2003.

SECTION 2. BACKGROUND

(a) In general--(1) Tax imposed. Section 4251(a)(1) imposes a tax on amounts paid for communications services.

(2) Payment of tax. Section 4251(a)(2) provides that the tax imposed shall be paid by the person paying for the service (taxpayer). Section 4251(b)(2) provides that the applicable percentage is 3 percent of amounts paid for communications services.

(3) Collection of tax. Section 4291 provides that the tax is collected by the person receiving the payment (collector). In most cases, the collector, which is also responsible for paying over the tax to the government, is the telecommunications company that provides the communications services to the taxpayer.

(b) Definitions--(1) Communications services. Section 4251(b)(1) provides that the term communications services means (A) local telephone service; (B) toll telephone service; and (C) teletypewriter exchange service. This notice does not address teletypewriter exchange service.

(2) Local telephone service. Section 4252(a) provides that local telephone service means (1) the access to a local telephone system, and the privilege of telephonic quality communication with substantially all persons having telephone

or radio telephone stations constituting a part of such local telephone system; and (2) any facility or service provided in connection with such a service. Local telephone service does not include any service that is a toll telephone service as defined in § 4252(b) or a private communications service as defined in § 4252(d). This notice does not address private communications service.

(3) Toll telephone service--(i) Time and distance. Section 4252(b)(1) provides that toll telephone service includes a telephonic quality communication for which there is a toll charge that varies in amount with the distance and elapsed transmission time of each individual communication and for which the charge is paid within the United States.

(ii) Periodic charge for a specified area. Section 4252(b)(2) provides that toll telephone service also includes a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located.

(c) Rev. Rul. 79-404. Rev. Rul. 79-404, 1979-2 C.B. 382, concludes that a long distance telephone call for which the charge varies with elapsed transmission time but not with distance is toll telephone service described in § 4252(b)(1).

(d) Notice of proposed rulemaking. In a notice of proposed rulemaking (68 FR 15690; April 1, 2003), the Service proposed an amendment to the Facilities and Services Excise Taxes Regulations to provide that toll telephone service described in section 4252(b)(1) may include a communication service for which the charge does not vary with the distance of each individual communication.

(e) Recent litigation. ABIG, OfficeMax, Amtrak, and Reese Bros. hold time-only service is not toll telephone service as defined in § 4252(b)(1). Further, ABIG, OfficeMax, and Reese Bros. hold that the communications service provided was not a service described in § 4252(b)(2) because the end result was not a "periodic charge" based on total elapsed time but rather a monthly bill based on a summation of toll charges for individual communications. (In Amtrak, toll telephone service described in § 4252(b)(2) would have been exempt from tax under the common carrier exception in § 4253(f).) ABIG, OfficeMax, Amtrak, and Reese Bros. also hold that the communications services provided were not local service, notwithstanding the access the services provided to the local telephone system. (Fortis affirms, in a per curiam opinion, a district court decision reaching the same results.)

(f) Notice 2005-79. Notice 2005-79, 2005-46 I.R.B. 952, states that the Service will continue to assess and collect the tax imposed by § 4251 on all taxable communications services, including those similar to the services in ABIG.

SECTION 3. TERMS DEFINED

The following terms are defined solely for purposes of this notice:

(a) Bundled service. Bundled service is local and long distance service provided under a plan that does not separately state the charge for the local telephone service. Bundled service includes, for example, Voice over Internet Protocol service, prepaid telephone cards, and plans that provide both local and long distance service for either a flat monthly fee or a charge that varies with the elapsed transmission time for which the service is used. Telecommunications companies provide bundled service for both landline and wireless (cellular) service.

(b) Local-only service. Local-only service is local telephone service, as defined in § 4252(a), provided under a plan that does not include long distance telephone service or that separately states the charge for local service on its bill to customers. The term also includes services and facilities provided in connection with service described in the preceding sentence even though these services and facilities may also be used with long distance service. See, for example, Rev. Rul. 72-537, 1972-2 C.B. 574 (telephone amplifier); Rev. Rul. 73-171, 1973-1 C.B. 445 (automatic call distributing equipment); and Rev. Rul. 73-269, 1973-1 C.B. 444 (special telephone).

(c) Long distance service. Long distance service is telephonic quality communication with persons whose telephones are outside the local telephone system of the caller.

(d) Nontaxable service. Nontaxable service means bundled service and long distance service.

SECTION 4. EFFECT OF ABIG, OFFICEMAX, AMTRAK, FORTIS, AND REESE BROS.

(a) Tax treatment of communications service after ABIG, OfficeMax, Amtrak, Fortis, and Reese Bros. The Service will follow ABIG, OfficeMax, Amtrak, Fortis, and Reese Bros. Accordingly, taxpayers are no longer required to pay tax under § 4251 for nontaxable service. In addition, collectors or taxpayers may request a refund of tax paid under § 4251 on nontaxable service that was billed to the taxpayers during the period after February 28, 2003, and before August 1, 2006 (the relevant period).

(b) Tax on local-only service. Collectors should continue to collect and pay over the § 4251 tax on amounts paid for local-only service. As noted in section 3(b) of this notice, local-only service includes amounts paid for facilities or services provided in connection with local telephone service. Thus, for example, tax will continue to be imposed on amounts paid by a taxpayer for renting an amplifier phone provided in connection with local telephone service that is subject to tax.

(c) Effect on collectors. Collectors are directed to cease collecting and paying over tax under § 4251 on nontaxable service that is billed after July 31, 2006, and are not required to report to the IRS any refusal by their customers to pay any tax on nontaxable service that is billed after May 25, 2006. Collectors should not pay over to the IRS any tax on nontaxable service that is billed after July 31, 2006. The form will require collectors to certify that for the third quarter of 2006 that the § 4251 tax reported on the Form 720 does not include any tax on

nontaxable service that was billed after July 31, 2006. Consequently, the IRS will deny all taxpayer requests for refund of tax on nontaxable service that was billed after July 31, 2006. All such requests should be directed to the collector. In addition, collectors may repay to taxpayers the tax on nontaxable service that was billed before August 1, 2006, but are not required to repay such tax. Collectors may also request a refund or make an adjustment to their separate accounts, as appropriate, subject to the provisions of § 6415 and section 5(d)(4) of this notice. Collectors must continue to collect and pay over tax under § 4251 on amounts paid for local only service.

SECTION 5. REQUESTS FOR CREDIT OR REFUND

(a) In general--(1) Request must follow this notice. The Commissioner agrees to credit or refund the amounts paid for nontaxable service if the taxpayer requests the credit or refund in the manner prescribed in this Notice.

(2) Form of request. Taxpayers may request a credit or refund of tax on nontaxable service that was billed after February 28, 2003, and before August 1, 2006, only on their 2006 Federal income tax returns. For this purpose, the 2006 income tax return is the income tax return for calendar year 2006 or for the first taxable year including December 31, 2006. Forms 1040 (series), 1041, 1065, 1120 (series), and 990-T will include a line for requesting the overpayment amount. Persons that are not otherwise required to file a federal income tax return must nevertheless file a return to obtain the credit or refund. Except as provided in section 5(d)(4) of this notice, a request for this credit or refund on any other form (such as a Form 720, 843, or 8849) will not be processed by the

Service. Taxpayers will be permitted to request the safe harbor amount under paragraph (c) of this section only if they have paid all taxes billed by their service provider after February 28, 2003, and before August 1, 2006.

(3) Guidance on the form. The instructions to the respective federal income tax return forms will provide additional guidance. The forms and instructions will require taxpayers to certify that (1) the taxpayer has not received from the collector a credit or refund of the tax paid on nontaxable service billed during the relevant period and (2) the taxpayer will not ask the collector for a credit or refund of that tax and has withdrawn any such request that was previously submitted. The instructions will also require that taxpayers, except for those individuals using the safe harbor amount, retain records that substantiate the request. These records should include bills from the collector that show the amount of tax charged for nontaxable service for each month during the relevant period and receipts, canceled checks, or other evidence that the amount requested was actually paid.

(b) Period of request. The Commissioner will authorize the scheduling of an overassessment under § 6407 to preserve the period of limitations during which taxpayers may request refunds of the tax on nontaxable service that was billed to customers after February 28, 2003, and before August 1, 2006. Therefore, requests may be made for credits or refunds of tax paid for nontaxable service billed after February 28, 2003 and before August 1, 2006.

(c) Amount of the request--(1) Requests by individual taxpayers--(i) Safe harbor amount. Individual taxpayers may request a safe harbor amount. No

documentation will be required to be submitted or kept to support the safe harbor request. However, taxpayers will be permitted to request the safe harbor amount only if they have paid all taxes billed by their service provider after February 28, 2003, and before August 1, 2006; have not received a credit or refund of these taxes from the service provider, and either have not requested such a credit or refund from the service provider or have withdrawn any such request. The amount of this safe harbor is still under consideration and will be announced in later guidance.

(ii) Actual amount. Taxpayers that do not request the safe harbor amount may request a credit or refund of the actual amount of tax they paid.

(d) How to file--(1) Requests by individual taxpayers. Individual taxpayers may request a credit or refund of federal excise taxes paid on nontaxable service only on their 2006 Form 1040, 1040A, or 1040-EZ, Individual Income Tax Return. Individuals who are not otherwise required to file a federal income tax return must nevertheless file Form 1040EZ-T to request the credit or refund. Individual taxpayers, including Schedule C filers, may request either the safe harbor amount or the actual amount of tax paid for nontaxable service.

(2) Requests by taxpayers other than individual taxpayers. Taxpayers other than individual taxpayers (entities) may request only the actual amount of tax paid on nontaxable service billed during the relevant period. No safe harbor amount is allowed for entities.

(3) Requests by entities--(i) In general. Entities may request a credit or refund of federal excise taxes paid on nontaxable service only on their 2006

income tax returns. Any part of the credit or refund attributable to tax payments that were deducted as an ordinary and necessary business expense (including in the determination of unrelated business taxable income) must be included in income for the taxable year in which the refund is received or accrued to the extent that the tax payments reduced the amount of federal income tax (or unrelated business income tax) imposed.

(ii) Partnerships. A partnership, as defined in § 7701(a)(2), may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1065, U.S. Return of Partnership Income. Any amount of the credit or refund included in partnership income and any interest on the credit or refund must be reported on the partnership's return for the taxable year in which received or accrued and must be allocated to its partners on the Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., for that taxable year.

(iii) S Corporations. An S Corporation, as defined in § 1361, may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1120S, U.S. Income Tax Return for an S Corporation. Any amount of the credit or refund included in S Corporation income and any interest on the credit or refund must be reported on the S Corporation's return for the taxable year in which received or accrued and must be allocated to its shareholders on the Schedule K-1, Shareholder's Share of Income, Credits, Deductions, etc., for that taxable year.

(iv) Estates and trusts. An estate or a trust, as defined in § 301.7701-4(a) of the Procedure and Administration Regulations, may request a credit or refund

of federal excise taxes paid on nontaxable service only on its 2006 Form 1041, U.S. Income Tax Return for Estates and Trusts. Any amount of the credit or refund included in the estate's or trust's income and any interest on the credit or refund must be reported on the estate's or trust's Form 1041, U.S. Income Tax Return for Estates and Trusts, for the taxable year in which received or accrued. However, for a trust that is treated as owned by the grantor or other person under subpart E (§ 671 and following), part I, subchapter J, chapter 1 of the Internal Revenue Code (grantor trust), the owner of the trust may request a credit or refund of federal excise taxes treated as paid by the owner for nontaxable service only on its applicable 2006 federal tax return.

(v) Tax exempt organizations. An organization that is described in § 501(a) may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 990-T, Exempt Organization Business Income Tax Return. Tax exempt organizations that are not otherwise required to file a federal income tax return must nevertheless file Form 990-T to request the credit or refund. Any amount of the credit or refund included in the organization's unrelated business taxable income must be reported on the organization's Form 990-T, Exempt Organization Business Income Tax Return, for the taxable year in which received or accrued. An organization that is subject to tax on its interest income must also report any interest on the credit or refund on its Form 990-T, Exempt Organization Business Income Tax Return, for the taxable year in which received or accrued.

(vi) Corporations. A corporation, as defined in § 7701(a)(3), that is not described in section 5(d)(3)(iii) of this notice may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1120 (series) income tax return (generally, Form 1120, U.S. Corporation Income Tax Return). Any amount of the credit or refund included in the corporation's income and any interest on the credit or refund must be reported on the corporation's income tax return for the taxable year in which received or accrued. Corporations that are not otherwise required to file a federal income tax return must nevertheless file Form 1120 (series) to request the credit or refund

(vii) Other nonfiling entities. Entities that are not otherwise required to file a federal income tax return must file Form 990-T to request the credit or refund.

(4) Requests and adjustments by collectors--(i) Section 6415 conditions to allowance. The conditions to allowance described in § 6415 apply to all requests and adjustments by collectors, as defined by section 2(a)(3) of this notice. Thus, a request by a collector is allowed only if the person that paid over the tax establishes that it has repaid the amount of the tax to the person from whom the tax was collected, or obtains the written consent of such person to the allowance of the credit or refund.

(ii) Requests for regular method collectors--(A) In general. A person that collected the tax imposed by § 4251 on nontaxable service and paid it over to the government based on amounts actually collected under § 40.6302(c)-1(a)(2)(i) of the Excise Tax Procedural Regulations (regular method collectors) may request a credit or refund.

(B) Form of the request. Regular method collectors may use Form 720X, Amended Quarterly Federal Excise Tax Return, line 1, IRS No. 22, for credit or refund of amounts collected and repaid to taxpayers.

(iii) Account adjustments for alternative method collectors. A person that collected the tax imposed by § 4251 on nontaxable service and paid it over to the government based on amounts considered as collected under § 40.6302(c)-1(a)(2)(ii) (alternative method collectors) may adjust the separate account for the amount of an overpayment. The required adjustment to the separate account is described in § 40.6302(c)-3(b)(2)(ii)(C). The adjustment is reflected on Form 720, Schedule A, line 2, but may not reduce tax liability on Form 720 below zero.

(e) Interest on the credit or refund included in income. If a taxpayer requests a credit or refund of the actual amount of tax paid, interest on the credit or refund of the tax paid for nontaxable service must be included as income on the taxpayer's income tax return for the taxable year in which the interest is received or accrued. Thus, individuals are generally required to report the interest on their 2007 income tax returns.

(f) Estimated tax effects. Although the credit or refund allowed to a taxpayer under this notice will be requested on the taxpayer's income tax return, it is not a credit against tax for purposes of §§ 6654 and 6655. Accordingly, the taxpayer may not take the credit or refund into account in determining the amount of the required installments of estimated tax for 2006. In determining the amount of the required installments of estimated tax for 2007, the income

attributable to the credit or refund is taken into account on the date the income is paid or credited in the case of a cash method taxpayer and on the date the return making the request is filed in the case of an accrual method taxpayer.

(g) Requests that do not follow the provisions of this notice. Requests that do not follow the provisions of this notice (whether filed before or after its publication)--

(1) Will not be processed to the extent they relate to the tax paid on nontaxable service that was billed after February 28, 2003; and

(2) Will be processed normally to the extent they relate to the tax paid on nontaxable service that was billed before March 1, 2003.

SECTION 6. EFFECT ON OTHER DOCUMENTS

Notice 2005-79, 2005-46 I.R.B. 952, is revoked. Rev. Rul. 79-404, 1979-2 C.B. 382, will be revoked in a later revenue ruling.

SECTION 7. DRAFTING INFORMATION

The principal author of this notice is Taylor Cortright of the Office of the Associate Chief Counsel (Passthroughs and Special Industries). For further information regarding this notice, contact (202) 622-3130 (not a toll-free call).