IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-549 T
(Honorable Lawrence S. Margolis)

METAL INDUSTRIES, INC.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

# ANSWER

The United States, in answer to the complaint, denies each allegation contained therein that is not admitted or otherwise expressly addressed below.

The United States further:

1. Admits that jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. § 1491.
2. Avers that jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. § 1491.
3. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.
4. Admits that the defendant is the United States of America.
5. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Admits that plaintiff's claim is for the refund of federal excise taxes. Admits that plaintiff is entitled to a refund or credit to the extent its telephone services fall within the time-only services described in IRS Notice 2006-50 (2006-25 I.R.B. 1141), and plaintiff can establish it paid taxes on those services. The last sentence of paragraph 6 expresses a legal conclusion to which no response is necessary.

7. Paragraph 7 expresses legal conclusions to which no response is necessary.

8. Paragraph 8 expresses a legal conclusion to which no response is necessary.

9. Paragraph 9 expresses a legal conclusion to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations.

10. Admits that on May 25, 2006, the Internal Revenue Service announced that it would follow the holdings of *Am. Bankers Ins. Group, Inc. v. United States*, 408 F.3d 1328 (11th Cir. 2005); *OfficeMax, Inc. v. United States*, 428 F.3d 583 (6th Cir. 2005); *Nat'l R.R. Passenger Corp. v. United States*, 431 F.3d 374 (D.C. Cir. 2005); *Fortis, Inc. v. United States*, 2006 U.S. App. LEXIS 10749 (2d Cir. 2006); and *Reese Bros. v. United States*, 2006 U.S. App. LEXIS 11468 (3d. Cir. 2006), which hold that a telephonic communication for which there is a toll charge that varies with elapsed transmission time but not distance is not taxable toll telephone service as defined in I.R.C. § 4252(b)(1). Admits that the Internal Revenue Service announced procedures for taxpayers to request refunds of tax on services described in IRS Notice 2006-50 (2006-25 I.R.B. 1141).

11. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 12.

13. Defendant incorporates by reference its answers to paragraphs 1 through 12 of the complaint.

14. Paragraph 14 expresses a legal conclusion to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations.

15. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Paragraph 16 expresses a legal conclusion to which no response is necessary.

17. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Defendant incorporates its response to paragraph 10 of the complaint in response to the allegation contained in the first sentence of paragraph 18. Admits that IRS Notice 2006-50 establishes procedures for taxpayers to request a credit or refund of excise tax on their 2006 federal income tax return. Admits that IRS Notice 2006-50 is attached as Exhibit C to the complaint.

19. Admits that IRS Notice 2006-50 does not establish procedures for taxpayers to request credits or refunds of excise tax for services billed prior to February 28, 2003. Admits that plaintiff seeks to recover federal excise tax in the amount of $7,633.79, but states that its attorneys currently lack knowledge or information sufficient to form a belief as to whether plaintiff paid the tax or intends to file a refund claim in the future.

20. Admits that plaintiff is entitled to a refund or credit to the extent its telephone services fall within the time-only services described in IRS Notice 2006-50 (2006-25 I.R.B. 1141), and plaintiff can establish it paid taxes on those services.

WHEREFORE, the United States prays that the Court allow the parties sufficient time to determine the amount, if any, of overpayment of telephone excise taxes due to plaintiff.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewing Attorney

September 29, 2006

s/G. Robson Stewart
Of Counsel